1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KEITH D. ALCORN,                                CASE NO. 1:08-cv-00622-OWW-GSA PC

                         Plaintiff,              ORDER DISMISSING COMPLAINT, WITH
                                                 LEAVE TO AMEND, FOR FAILURE TO
        v.                                       STATE A CLAIM

SIERRA CONSERVATION                              (Doc. 1)
CENTER, et al.,

                         Defendants.
_____/

### Screening Order

**I.      Screening Requirement**

        Plaintiff Keith D.Alcorn ("Plaintiff") is a former state prisoner proceeding pro se and in

forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

April 21, 2008, at which time he was incarcerated at the Sierra Conservation Center ("SCC") in

Jamestown.

        The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Eighth Amendment Claim

### 1.   Summary of Plaintiff's Complaint

Plaintiff suffers from seizures and following his transfer to SCC on October 24, 2006, he was seen by a nurse and granted a permanent lower bunk lower tier chrono.  The nurse informed custody staff of the chrono and Plaintiff mentioned it to a sergeant.  Plaintiff was transferred to an upstairs dorm unit, and when he informed the unit officer of his chrono, the officer said there was nothing he could do and ordered Plaintiff into the unit.  Plaintiff attempted to resolve the problem and filed an inmate appeal but received no response.

On November 25, 2006, Plaintiff was returning to his unit and felt a seizure coming on. Plaintiff had another inmate inform the tier officer, who told Plaintiff to go to the stairs and sit down. Plaintiff went to the stairs and then blacked out.  When he awoke, he was on a helicopter being airlifted to the hospital.  Plaintiff sustained fractures to his back, hip, and neck, and had blood on his brain as a result of the fall.  Plaintiff remained in the hospital for three days and was classified as permanently mobility impaired upon his return to SCC.

Plaintiff is seeking money damages for the violation of his rights under the Eighth Amendment of the United States Constitution.  SCC is named as a defendant in the caption of the

2

complaint, and in the section entitled "Defendants," Plaintiff names Warden Ivan Clay and unspecified lower staff employees.

### 2. SCC as a Defendant

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because SCC is a part of the California Department of Corrections and Rehabilitation, which is a state agency, it is entitled to Eleventh Amendment immunity from suit, and cannot be named as a defendant in this action.

### 3. Other Defendants

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

1  Extreme deprivations are required to make out a conditions of confinement claim, and only those
2  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form
3  the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995
4  (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth
5  Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and
6  disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S.
7  825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

8  Plaintiff has not alleged any facts linking Defendant Clay to the violation of his rights.
9  "[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held]
10 liable for the constitutional violations of subordinates 'if the supervisor participated in or directed
11 the violations, or knew of the violations and failed to act to prevent them.'" Hydrick, 500 F.3d at
12 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Liability may not be imposed on
13 Defendant Clay simply because he is the warden of SCC.

14 Plaintiff has not alleged any facts linking any specific defendants to the decision to house him
15 on an upper tier or to the failure to respond to his attempts to rectify the situation.  In order to
16 proceed under section 1983 based on the failure to house Plaintiff in accordance with his medical
17 chrono, Plaintiff must allege facts sufficient to support a claim that one or more defendants "[knew]
18 of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." Farmer, 511 U.S. at 837.
19 Negligent conduct is insufficient.  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  If
20 Plaintiff does not know the names of the defendants, he must at least separate and identify them as
21 Doe 1, Doe 2, etc.

22 **III.   Conclusion and Order**

23 Plaintiff's complaint does not state a claim for violation of the Eighth Amendment.  The
24 Court will provide Plaintiff with the opportunity to file an amended complaint, in the event that
25 Plaintiff is able to cure the deficiencies identified in this order.  Noll v. Carlson, 809 F.2d 1446,
26 1448-49 (9th Cir. 1987).

27 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second
28 amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

4

complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    October 2, 2008**            _____/s/ **Gary S. Austin**_____
                                         UNITED STATES MAGISTRATE JUDGE